UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-CR-20372 |
| Plaintiff, | HON. ROBERT H. CLELAND |
| v. | |
| D-1  ANTHONY CAREATHERS, | |
| Defendant. | |
| _____/ | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America respectfully submits this Sentencing Memorandum regarding defendant Anthony Careathers, who is scheduled to be sentenced on March 14, 2018.  For the reasons provided below, the United States recommends a sentence within the guideline range calculated by the parties and the Probation Department: 18 - 24 months' incarceration.

## INTRODUCTION

Anthony Careathers was a police officer with the Detroit Police Department who was charged with one count of accepting a cash payment in exchange for referring an abandoned vehicle to a particular collision shop in the City of Detroit, in violation of federal criminal law and the policies and procedures of the Detroit Police Department.  Notably, as described in the Presentence Investigation Report,

Careathers also (a) received money for warning a business owner of law enforcement activity; (b) promised to provide the same business owner additional sensitive law enforcement information; and (c) wrote false police reports. For his own financial gain, Careathers broke the law, ignored his oath as a police officer, and disregarded his professional ethics and obligations. In doing so, he eroded the trust our community places in the Detroit Police Department. For these reasons, the United States respectfully requests that the Court impose a sentence within the calculated guideline rage of 18 - 24 months' imprisonment.

## APPLICATION OF 18 U.S.C. § 3553

Title 18, United States Code, Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. In order to determine the particular sentence to impose, this Court must consider the familiar statutory factors listed in § 3553(a)(1)-(7). An application of the sentencing factors to this Defendant justifies a guideline sentence.

1. *Nature and Seriousness of the Offense*

The nature and circumstances of the offense are serious. Defendant was a police officer and accepted bribes, disregarding his obligation to uphold the law. Careathers's actions demonstrated patent disrespect for his duties and responsibilities as a law enforcement officer. His criminal activity was not the

result of a spontaneous decision borne out of financial distress; rather, his law breaking was generated and prolonged by daily and hourly decisions and it was within his sole power to cease his criminal activity at any point.

In assessing the nature and circumstances of the offense, the Court should also take into account the violations of trust inherent in defendant's conduct. Careathers was an officer and, as such, the citizens of Detroit relied upon him to advise them without the influence of self-interest.  Instead, Careathers allowed his advice and guidance to be fundamentally compromised by the lure of cash.  Any officer who participates in such a scheme erodes the essential public trust placed in the Detroit Police Department. A guideline term of incarceration is necessary to reflect the nature and seriousness of these types of corruption offenses.

    2.    *Characteristics of the Defendant*

Careathers was provided the familial support, resources, and virtues necessary to live a law-abiding life and to understand the consequences of choosing not to do so. Given his support and education, he could have been an outstanding police officer. Instead, he chose to employ his skills to enrich himself by serving as a cog in a scheme that deprived citizens of accurate and reliable information.  Instead of working legitimately, he made a deliberate choice, not in the heat of passion, but after careful deliberation.   His willingness to abuse the

trust the public placed in him, in exchange for cash, speaks loudly about his character and integrity and justifies a sentence within the guideline range.

The defense portrayal of Careathers as caring and remorseful is belied by his comments to two of the case agents immediately following his guilty plea. At that time, he told one of the case agents (from the Michigan State Police) that she should "get a real job, begin doing real police work, and start arresting real criminals." (Exhibit 1: FBI 302 of Public Corruption Task Force Officer Sunshine Ponzetti). When a second case agent approached, he told her that she, too, should "start doing real police work and catch real criminals." (Exhibit 2: Memorandum of Interview of United States Postal Inspector Kimberly Orlando).

Careathers, despite his guilty plea, has clearly not recognized the seriousness of his illegal activities as a law enforcement officer. Based upon his bold statements, Careathers views investigating and prosecuting officers who break the law they swear to uphold as not "real police work." Such statements certainly do not show the genuine remorse this Court should expect from a defendant requesting leniency at sentencing. Thus, it is far from accurate to say that that "Mr. Careathers is fully aware that this is a serious crime . . ." and "has shown extreme remorse." Defendant's Sentencing Memorandum at pgs. 5-6. Careathers's cavalier attitude following the plea should be considered by this Court in fashioning an appropriate sentence.

Careathers should be commended for the relationships described in the letters accompanying his sentencing memorandum. Sadly, however, it was Careathers's choice to jeopardize those relationships and the support he provides. When an individual provides important physical and emotional support in a familial role, it is even more crucial that the provider walk the straight and narrow so he may always be available to those who love and rely upon him. In fact, Careathers, as a police officer, should have known precisely the risk he was embarking upon when he chose to disregard the law as well as the obligations required of him as a law enforcement officer. The fact that a family member will need alternate care while the defendant is imprisoned is a commonplace issue and, therefore, not outside the heartland of factors taken into consideration by the sentencing guidelines.

    3.   *Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment*

Given the Defendant's position as an officer at the time of the offense, it is crucial that the Court's sentence addresses the seriousness of breaching the public trust and also promotes respect for the law. The public should know that the justice system will punish law enforcement officers who break the law and break the public trust. A sentence within the guideline range will send the message that no one is above the law, especially those entrusted to uphold the law.

      4.    *Deterrence to Criminal Conduct and Protection of the Community*

A guideline sentence is necessary to deter others from engaging in criminal activity of this nature. The justice system must send the appropriate message to law enforcement officers who are inclined to disregard the laws they are obligated to enforce -- a clear message that the justice system will punish such conduct.

Every day, law enforcement officers face the temptation to abuse their positions of power and the public trust. Law enforcement officers who are inclined in this direction are capable of being deterred and word of significant penalties for such conduct travels quickly and widely within their professional and personal networks. A custodial sentence within the applicable guideline range would send the message that there are serious consequences for public corruption and, accordingly, should have a significant deterrent effect. As noted in *United States v. Peppel*, 707 F.3d 627 (6th Cir. 2013), because white-collar crimes are "'more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.'" *Peppel*, 707 F.3d at 637 (quoting *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006)). And, as aptly stated by a federal court plagued by corruption in its district:

> Unlike some criminal justice issues, the crime of public corruption can be deterred by significant penalties that hold all offenders properly accountable. The only way to protect the public from the ongoing problem of public corruption and to promote respect for the rule of law is to impose strict penalties on all defendants who engage

> in such conduct, many of whom have specialized legal training or experiences. Public corruption demoralizes and unfairly stigmatizes the dedicated work of honest public servants. It undermines the essential confidence in our democracy and must be deterred if our country and district is ever to achieve the point where the rule of law applies to all --- not only to the average citizen, but to all elected and appointed officials.

*United States v. Spano,* 411 F.Supp.2d 923, 940 (N.D. Ill. 2006). Unfortunately, Careathers has demonstrated by his attitude that the public requires some protection from him. Given his statements to the two agents after his guilty plea, the government is neither confident nor convinced that Careathers fully appreciates the seriousness of his conduct.

5. *The Need to Provide the Defendant with Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

This sentencing factor, as well, justifies a guideline sentence. Careathers will no longer be employed as a law enforcement officer. A guideline sentence would expose him to further education and long-term trades.

6. *The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct*

While the sentencing guidelines are advisory, they remain the sole means available for assuring some measure of uniformity in sentencing, fulfilling a key Congressional goal in adopting the Sentencing Reform Act of 1984. Accordingly, the Supreme Court has held that "district courts must begin their analysis with the

Guidelines and remain cognizant of them throughout the sentencing process" in order to assure fair, proportionate, and uniform sentencing of criminal offenders. *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).

Law enforcement officers, with no criminal history, who engage in illegal activity, as the defendant did here, uniformly face the offense penalties applicable here. To sentence him outside of the sentencing guidelines and give him a lesser sentence than those similarly situated across the nation would hardly seem a just result given the nature of the instant offenses and his cavalier attitude that the investigation into his criminal activity was not "real police work."

## **CONCLUSION**

Careathers's conduct was a direct affront to the trust our society places in law enforcement officers, and his sentence should reflect the harm his conduct caused as well as the need to deter future offenders.

A sentence within the guideline range would serve the goals articulated by Congress; such a sentence would be "sufficient, but not greater than necessary" to comply with the purposes of sentencing. Furthermore, Section 3553(a)(6) commands that the Court strive to avoid disparity in sentencing, which is best

achieved through faithful application of the Guidelines.  Accordingly, this Court should deny the Defendant's request for a variance.

        Respectfully submitted,

        MATTHEW SCHNEIDER
        United States Attorney


        s/SARAH RESNICK COHEN
        Assistant United States Attorney
        211 W. Fort St., Ste. 2001
        Detroit, Michigan 48226
        Phone: (313) 226-9637
        Email: sarah.cohen@usdoj.gov


        s/CRAIG A. WEIER
        Assistant United States Attorney
        211 W. Fort St., Ste. 2001
        Detroit, Michigan 48226
        Phone: (313) 226-9678
        Email: craig.weier@usdoj.gov


Dated:  February 28, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

James C. Thomas, Attorney for the Defendant

s/SARAH RESNICK COHEN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9637
Email: sarah.cohen@usdoj.gov